# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ERVIN EMANUEL FOX,[1]  )
)
    Petitioner,  )
)
v.  )   Case No. CV411-029
)
SCOTT A. MIDDLEBROOKS,  )
Warden,  )
)
    Respondent.  )

## REPORT AND RECOMMENDATION

In *United States v. Fox*, CR406-255, Ervin Emmanuel Fox pled guilty to carjacking and possession of a firearm by a convicted felon. Doc.

---

[1] This inmate has trekked through this Court before, but for unclear reasons his first name was recorded as Erwin, not Ervin. *See Erwin Emanuel Fox v. United States*, CV408-100, doc. 8 (S.D. Ga. Oct. 8, 2008) (dismissing 28 U.S.C. § 2255 motion as premature), *reported at* 2008 WL 4533996. On the 28 U.S.C. § 2254 petition that he files here, he typed "Ervin," doc. 1 at 1, and his signature is illegible. *Id.* at 15. Scanning for his prior litigation history yields different results when the two versions of his first name are used. Using "Ervin" for example, fetches *Fox v. Record Manager of the Ga. Dep't of Corrs.*, CV409-150 (S.D. Ga. Nov. 16, 2009), *reported at* 2009 WL 3854339, but not the CV408-100 case, much less its criminal counterpart, CR406-255 (in both he typed "Erwin" on his § 2255 motion). The Clerk shall note in the instant case's docket all prior cases filed under both versions of his name (all, for that matter, bear his Prisoner Number, 12866-021).

Finally, the Court has amended the above caption to include Fox's full middle name -- "Emmanuel" -- as opposed to just "E." Precision is crucial here. The Clerk is **DIRECTED** amend the docket accordingly, all subsequent filings shall conform, and the Court Orders Fox to file any future cases accordingly.

20, *as amended*, doc. 38. With his 151-month sentence enhanced by two prior state-court convictions, he sought to vacate them via state habeas proceedings so he could challenge the enhancement here. Doc. 1; *see also United States v. Walker*, 198 F.3d 811 (11th Cir. 1999) ("pursuant to federal habeas corpus, a district court may reopen and reduce a federal sentence, once a federal defendant has, in state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence."). Unsuccessful in that pursuit, he petitions for 28 U.S.C. § 2254 relief here. Doc. 1.

To that end, he moves for leave to proceed *in forma pauperis* (IFP). Doc. 2. The Court **GRANTS** his IFP motion. *Id.* However, because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the case should be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

Fox discloses on his own § 2254 petition that his counseled state court convictions (CR97-0768 & CR98-2976)[2] became final in the late 1990s, doc. 1 at 1, 17, and that he pursued no state habeas relief from

---

[2] These convictions were noted in the Presentence Investigation Report (PSI) in *United States v. Fox*, CR406-255, PSI at 9-10, and used to enhance Fox's sentence. Doc. 30 at 4, 15.

2

them until 2007. *Id.* at 3. He admits that the state habeas court denied him relief, *id.* at 4-9, and simply seeks to challenge them on the merits here, ignoring the one-year statute of limitations applicable to him. 28 U.S.C. § 2244(d)(1); *Walker v. Martin*, ___ U.S. ___, 2011 WL 611627 at *7 (Feb. 23, 2011). That period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009). A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 129 S. Ct. at 685.

The one-year limitations period is tolled, however, when a state prisoner properly files an application for state collateral review. 28 U.S.C. § 2244(d)(2); *see Ford v. Moore*, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Although the filing of a state habeas action tolls

3

the one-year limitations period, it does not reset the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the days between the date upon which the conviction became final and the beginning of state habeas review are counted toward the limitations period. Here almost *a decade* elapsed between Fox's state-court convictions and his state habeas filings. That gap alone means his § 2254 petition is time-barred, and thus should be **DISMISSED WITH PREJUDICE**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  3rd  day of March, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**